(No. 16983.—Reversed and remanded.)
THE COUNTY OF MASON, Appellee, *vs.* GEORGE FURRER,
Appellant.

*Opinion filed February 18, 1926.*

HIGHWAYS—*what must be shown to authorize county to condemn land for State aid road.* To authorize a county to institute a suit to condemn land for the construction of a State aid road under the State Aid Road act of 1913, as amended, and the State Highway act of 1921, it must be shown that the particular land sought to be condemned was designated by joint action of the board of supervisors and the State Highway Commission as a State aid road or as the place for the location or re-location of such road in accordance with the provisions of the statute.

APPEAL from the Circuit Court of Mason county; the Hon. FRED G. WOLFE, Judge, presiding.

LYMAN LACEY, JR., and CLARENCE W. HEYL, (HEYL & HEYL, of counsel,) for appellant.

SCOTT W. LUCAS, (A. E. CAMPBELL, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Mason county in favor of appellee in a suit brought in its name to condemn certain land of appellant for use as a part of the State aid road system under section 19 of the State Aid Road act of 1913 as amended, and section 13 of the State Highway act of 1921.

It is contended by appellant that before a judgment in a condemnation proceeding brought in the name of a county to condemn land for a State aid road can be sustained it must appear from the record that the institution of the suit was properly authorized, and that the land sought to be condemned had been designated by the proper authorities as a State aid road, or as the place for the location or re-

location of a State aid road, in accordance with the provisions of the statute. These questions were raised in the trial court by demurrer to the petition, traverse to the petition, motion for a new trial and motion in arrest of judgment.

After the passage of the State Aid Road act of 1913 certain roads in Mason county were designated by the proper authorities as State aid roads and official maps thereof prepared. The strip of land sought to be condemned in this proceeding was not a portion of any such road, but there was a State aid road connecting Easton with Mason City. Upon the trial the county clerk of Mason county testified that the board of supervisors of the county at its regular March, 1925, meeting, passed the following resolution:

"Whereas, public welfare demands the establishing of a State aid road connecting Easton with Mason City:

"*Therefore, be it resolved by the Board of Supervisors of Mason county,* that the following described road shall be added to the State aid system of said Mason county: A road sixty feet in width, beginning at the east corporate limits of Easton; thence southeasterly, following a re-location approximately parallel to and north of the right of way of the Illinois Central railroad to a point near the east section line of section 12, township 20, north, range 6, west of the third principal meridian; thence easterly, following a re-location connecting with Chestnut street at the west corporate limits of Mason City. The detailed location of the above described road to be added to the State aid system of Mason county is shown on a map which is attached hereto and which is made a part of this resolution."

The detailed location of this road, as shown on the map attached to the resolution, shows that while the road, as located, crossed the land of appellant, it did not cross the same at the particular place sought to be condemned, and that the particular land sought to be condemned was not designated on that map as a road. The county clerk testified that within a few days after the passage of the resolution by the board of supervisors he went to the office of the State Highway Commission at Springfield and took with him the resolution of the board of supervisors and the blueprint which was attached to it; that he exhibited them to a

man whom he believed to be the head engineer of the highway department; that this man, after examining the blueprint, made thereon, with a pencil, alterations in the location of the road, one of these alterations being a change of the location of the road where it crossed appellant's farm; that after these changes were made he received from the department a map of the entire State aid road system of Mason county, including the additional mileage put on by the proposed road from Easton to Mason City. The evidence does not disclose what authority the man who made the changes in the office of the State Highway Commission had to act for the commission. After the receipt of the map showing the alterations made by this man, so far as this record shows, no further action was taken by the board of supervisors of Mason county with reference to this road, and the record does not show any action by the board authorizing the commencement of these condemnation proceedings.

The law at the time of these proceedings required that before a road could become a State aid road there should be joint action of the board of supervisors and of the State Highway Commission. The record does not show that the land sought to be condemned has ever been designated as a part of the State aid road system by such joint action. Neither the petition nor the evidence in the case shows that the particular land sought to be taken has ever been designated by the proper authorities as a State aid road or as the place for the location or re-location of a State aid road in accordance with the provisions of the statute, or that suit for the condemnation for this land was ever authorized by the proper authorities.

The judgment of the circuit court must therefore be reversed and the cause remanded.

*Reversed and remanded.*